DOWNING v. UNITED STATES.

No. 13230.

Circuit Court of Appeals, Eighth Circuit.

Oct. 4, 1946.

Gordon C. Peterson, of Columbia Heights, Minn., for appellant.

Clifford F. Hansen, Asst. U. S. Atty., of St. Paul, Minn. (Victor E. Anderson, U. S. Atty., of St. Paul, Minn., on the brief), for appellee.

Before SANBORN, THOMAS, and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

Appellant was convicted by a jury on a count in an information charging him with

unlawfully having obtained the removal of a tenant from a housing accommodation in the Minneapolis-St. Paul Defense Rental Area, in violation of "Rent Regulation for Housing,"[1] 8 Fed.Reg. 14663, under the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, §§ 901–946, by falsely stating in the notice to quit that "the landlord seeks to recover possession, in good faith, for the immediate purpose of substantially altering and remodeling the house thereon in a manner which cannot practicably be done with the tenant in occupancy."

There was a second count in the information charging that appellant had also violated the Act by having filed a copy of the notice to quit, containing the false statement referred to, with the Minneapolis-St. Paul Defense Rental Area Office.[2] On this count, the jury found appellant not guilty. Appellant thereupon filed a motion for a judgment of acquittal on the convicted count notwithstanding the verdict or in the alternative for a new trial, on the ground that the verdict on the separate counts was inconsistent and could not stand. The trial court denied the motions.

Reversal is sought here solely upon the ground that the conviction on Count I was inconsistent with the acquittal on Count II, because the only question for the jury on each count, under the evidence, was whether the reason stated in the notice to quit for demanding possession was false or true, and that the verdict therefore could not stand but a new trial must be granted.

Prior to Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356, 80 A.L.R. 161, there had been a conflict in the federal courts on whether an inconsistent verdict on the separate counts of an indictment could support a criminal sentence. The Dunn case settled the question, however, when the Supreme Court refused to reverse a conviction for inconsistency in verdict on the separate counts of an indictment, involving the same evidence, and said, 284 U.S. at page 393, 52 S.Ct. at page 190: "Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment. * * * If separate indictments had been presented against the defendant for possession [of intoxicating liquor] and for maintenance of a nuisance, and had been

---

[1] Rent Regulation for Housing:
"Sec. 6. Removal of tenant—(a) Restrictions on removal of tenant. So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations, by action to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession, notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated, and regardless of any contract, lease, agreement or obligation heretofore or hereafter entered into which provides for entry of judgment upon the tenant's confession for breach of the covenants thereof or which otherwise provides contrary hereto, unless:

* * * * *

"(5) Demolition or alteration by landlord. The landlord seeks in good faith to recover possession for the immediate purpose of demolishing the housing accommodations or of substantially altering or remodeling it in a manner which cannot practicably be done with the ten-

ant in occupancy and the plans for such alteration or remodeling have been approved by the proper authorities, if such approval is required by local law; * * *."

Sec. 6(d). "Notices prior to action to remove tenant. Every notice to a tenant to vacate or surrender possession of housing accommodations shall state the ground under this section upon which the landlord relies for removal or eviction of the tenant. A written copy of such notice shall be given to the area rent office within 24 hours after the notice is given to the tenant. * * * *"

[2] Whether the fact that a notice contains a false statement makes the filing of a copy of it with the area rent office a crime, in view of the language of the Regulation, we do not now consider. Both parties appear to assume it does, and appellant predicates his contention here upon this assumption. We shall answer the contention as made. If the second count did not charge a criminal offense, then appellant's contention for reversal would be wholly without any basis, because the verdict on it would be a nullity.

separately tried, the same evidence being offered in support of each, an acquittal on one could not be pleaded as res judicata of the other. Where the offenses are separately charged in the counts of a single indictment the same rule must hold."

The Supreme Court has made no departure from this rule. We have most recently repeated and applied it in Pilgreen v. United States, 8 Cir., 157 F.2d 427. The cases upon which appellant relies are all prior to the Dunn case. Inconsistency in a verdict on the separate counts of an indictment or information, then, does not entitle a defendant to a new trial.

The judgment is accordingly affirmed.