RAFAEL PAGÁN TORRES, demandante y apelante, *v.* RAMONA CABALLERO VDA. DE ANCA, demandada y apelada.

Núm. 9554.—*Sometido:* Enero 16, 1948. *Resuelto:* Marzo 1, 1948.

*R. Rodríguez Lebrón* y *A. R. de Jesús, Jr.,* abogados del apelante; *Mariano Acosta Velarde,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El 31 de marzo de 1947 el demandante radicó este pleito de daños y perjuicios. Alegaba el demandante que estaba ocupando como inquilino una casa propiedad de la demandada, en virtud de contrato por un canon de $80 mensuales; que la propietaria-demandada le requirió para que desocupara la propiedad ya que de buena fe la necesitaba para usarla como su residencia; que la demandada obtuvo de la OPA por este motivo un certificado de desahucio, autorizándole a radicar una acción para desahuciar al demandante después de enero 12, 1947; que el demandante fué notificado de la expedición de este certificado; que desocupó la propiedad en enero 4 de 1947; que la demandada nunca fijó su residencia en dicha casa, sino que la vendió en marzo

3, 1947; que la alegación hecha por la demandada al efecto de que élla necesitaba la casa para vivirla fué hecha con el propósito de burlar el derecho del demandante a continuar ocupando la casa; y que como consecuencia de esto el demandante ha sufrido daños en la cantidad de $8,500.

Solicitó la demandada la desestimación de la demanda por el fundamento de que no aducía hechos constitutivos de causa de acción. La corte de distrito declaró con lugar dicha moción y al resolver que la demanda no era susceptible de enmienda, dictó sentencia a favor de la demandada. El demandante apeló

■■ Este caso se resuelve por el de *Latoni* v. *Corte Municipal,* 67 D.P.R. 140. Resolvimos en dicho caso que durante el primer semestre del año 1947 la ley federal prohibía leyes locales sobre control de alquileres. Por consiguiente, para esa época la única ley válida sobre control de viviendas era la federal. El derecho de un inquilino a librarse de un desahucio surgió en su consecuencia exclusivamente de la ley federal. Y la inhibición federal contra leyes locales sobre control de alquileres impedía la creación mediante ley local de una causa de acción por daños provenientes de una infracción a este derecho federal. Una demanda que alegue, como la del presente caso, que un propietario logró que su inquilino le desocupara la casa, alegando motivos suficientes para el desahucio bajo la ley federal, que luego resultaron falsos, podía por tanto radicarse a principios del 1947, solamente si la ley federal la autorizaba.

Cuando nos referimos a la ley federal, encontramos que, aunque un inquilino podía demandar por triples daños por cobros en exceso de los cánones fijados, desde 1942 hasta el presente la ley federal nunca concedió al inquilino perjudicado un remedio civil de daños por desahucio mediante motivos falsos. En verdad, el apelante admite que bajo la ley federal nunca ha existido tal derecho. Los únicos remedios contra tal propietario, aun bajo las más estrictas

leyes anteriores, eran un procedimiento de *injunction* radicado por el Administrador para impedir desahucios ilegales, *Fleming* v. *Rhodes,* 331 U. S. 100; y sanciones penales por infracción a los reglamentos, *Downing* v. *United States,* 157 F.2d 738 (C.C.A. 8, 1946). No erró, por lo tanto, la corte de distrito al declarar con lugar la moción de desestimación.

■ Lo que hemos dicho es suficiente para resolver el caso que nos ocupa. Pero las leyes locales sobre control de alquileres no están prohibidas por la Ley Federal sobre Control de Alquileres de 1947. Por consiguiente, después de julio 1, 1947, no había impedimento alguno para que localmente se controlaran los alquileres con el fin de complementar la Ley Federal, siempre y cuando que no estuviese en conflicto sustancial con esta última. Y la disposición para una acción de daños instada por un inquilino por habérsele desahuciado debido a motivos falsos es obviamente suplementaria a, más bien que en conflicto con, la Ley Federal. *Ávila* v. *Tribunal de Distrito,* ante, pág. 11.

■■ Por lo tanto, consideramos propio llamar la atención hacia la sección 12(*f*), según fué enmendada por la Ley núm. 36, Leyes de Puerto Rico, 1947, Sesión Extraordinaria, pág. ——. Dicha sección provee la institución de un pleito de daños por un inquilino contra un propietario, bajo ciertas circunstancias. En este caso no vamos a determinar el alcance exacto de la sección 12(*f*) estableciendo este remedio, ni su validez. Suponiendo, sin decidirlo, que sea válida, puede argumentarse plausiblemente que bajo la sección 12 (*f*), según quedó enmendada, un inquilino tiene una causa de acción solamente si el propietario ilegalmente lo desahucia por medio de procedimientos judiciales. En verdad, el apelante admite que la sección 12(*f*) debe interpretarse en esta forma. Sin embargo, el apelante arguye que esto no obstante dejó intacto el remedio general provisto

por el artículo 1802 del Código Civil para un inquilino que, como ocurrió en este caso, desocupó una casa bajo amenaza de pleito. *Cf. Yordán* v. *Ríos,* ante, pág. 259.

Este caso, como hemos visto, no nos exige que resolvamos la contención del apelante al efecto de que tenía una causa de acción bajo el artículo 1802. Las leyes locales que creaban una causa de acción de daños por violación del derecho federal de un inquilino que surge de la ley federal, fueron prohibidas en 1947 por la disposición en la ley federal contra leyes locales sobre control de viviendas. El presente caso, por tanto, no podía prosperar en aquella época, ya fuere radicado bajo la sección 12($f$) o bajo el artículo 1802. Sin embargo, las leyes locales sobre viviendas —y un estatuto tal como la sección 12($f$) que crea una causa de acción por daños si un inquilino es desahuciado por motivos falsos—son ahora permitidas. Pero el apelante admite que la sección 12($f$) está limitada a pleitos de daños por inquilinos que fueron desahuciados mediante acción judicial. Bajo dicha teoría un inquilino que desocupó una casa con anterioridad a, pero bajo amenaza de, un pleito de desahucio basado en motivos falsos, vendría obligado a radicar su pleito solamente bajo el artículo 1802, que puede o no proveer para tal causa de acción. En vista de la incertidumbre en cuanto a la aplicabilidad del artículo 1802, la Legislatura, que está ahora en sesión, podría desear dejar resuelta esta cuestión, ampliando los términos de la sección 12($f$) para incluir no solamente los inquilinos desahuciados mediante acción judicial si que también aquéllos que desocuparon bajo amenaza de tal acción.

*La sentencia de la corte de distrito será confirmada.*

El Juez Asociado Sr. De Jesús se inhibió.