Otis HARRIS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16773.

United States Court of Appeals Eighth Circuit

Dec. 27, 1961.

Lewis E. Pierce, Kansas City, Mo., for appellant, Kenneth K. Simon, Kansas City, Mo., on the brief.

William A. Kitchen, Asst. U. S. Atty., Kansas City, Mo., for appellee, F. Russell

## 492

■■■■■■■

Millin, U. S. Atty., Kansas City, Mo., on the brief.

Before SANBORN, MATTHES and BLACKMUN, Circuit Judges.

PER CURIAM.

Otis Harris was charged by indictment with having, "on or about December 4, 1960, and about two months prior thereto," carried on the business of a retail liquor dealer at Sedalia, Missouri, and having willfully failed to pay the special tax as required by law, in violation of Section 5691, Title 26 United States Code. On his plea of not guilty, he was tried to a jury, found guilty, and on April 7, 1961 sentenced to imprisonment for a period of two years. He has appealed from the judgment of conviction. At his trial Harris was represented by counsel of his own choosing. On this appeal he has retained other counsel to represent him.

During the trial of Harris, no motion for a directed verdict of acquittal was made; there was no request for a peremptory instruction of not guilty; and no exceptions were taken to the court's instructions to the jury.

Present counsel for Harris, while recognizing the general rule that the question of the sufficiency of the evidence to sustain a judgment of conviction is not reviewable absent a motion for a directed verdict of acquittal made at the close of the evidence, argue that in order to prevent a serious miscarriage of justice this Court in the public interest should rule upon the question of the adequacy of the evidence to sustain the conviction. Counsel also argue that, although no exceptions were taken to any of the trial court's instructions to the jury, this Court should consider whether they were adequate and accurate. Review of the authority of the trial court to impose a maximum sentence is also sought.

■ It is true that a federal appellate court, in the exercise of a sound discretion and to prevent a miscarriage of justice, may notice plain and vital errors occurring during the trial of a criminal case although not properly preserved for review, by motion, objection or exception. Rule 52(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.; Page v. United States, 8 Cir., 282 F.2d 807, 810 and cases cited.

■ We are convinced, from an examination of the record on appeal, that this is not the kind of a case that would justify the disregard by this Court of the ordinary rules of appellate review. "It is only in exceptional cases that this Court will pass upon a question of law first raised on appeal." Zuckerman v. McCulley, 8 Cir., 170 F.2d 1015, 1018.

The judgment appealed from is affirmed. Mandate will issue forthwith.