Dennis AGGERS, Appellant,

v.

UNITED STATES of America,
Appellee.

Addrin COATES, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 18301, 18373.

United States Court of Appeals
Eighth Circuit.

Oct. 7, 1966.

Rehearing Denied in No. 18373,
Oct. 27, 1966.

William S. Bahn, St. Louis, Mo., for appellant, Dennis Aggers.

Robert J. O'Hanlon, St. Louis, Mo., for appellant, Addrin Coates; Richard L. Daly, St. Louis, Mo., was with him on the brief.

William C. Martin, Asst. U. S. Atty., St. Louis, Mo., for appellee; Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., was with him on the brief.

Before VOGEL, Chief Judge, and VAN OOSTERHOUT and LAY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Defendants Aggers and Coates were jointly indicted, and tried to a jury on their not guilty pleas to a three count indictment against them. Counts 1 and 2 charge defendants illegally sold heroin on June 30, 1965, and July 22, 1965, respectively, in violation of 26 U.S.C. § 4705(a). Count 3 charges them with conspiracy with each other and others to receive, conceal, buy and sell heroin knowing the same to have been illegally imported in violation of 21 U.S.C. § 174, and to sell such drug to persons not in pursuance of a written order on prescribed form in violation of 26 U.S.C. § 4705(a).

Defendant Aggers was found guilty on all three counts and was sentenced to serve ten years imprisonment on each count, such sentences to be served concurrently with each other but consecutively to sentence that Aggers was then serving on a state conviction.

Defendant Coates was found not guilty on Count 1 and guilty on Count 3 (conspiracy). The jury disagreed on Count 2. The court declared a mistrial as to such count. Coates was sentenced to serve eight years imprisonment on Count 3. Each of the defendants has filed a timely appeal from his aforesaid conviction and sentence.

The evidence follows a rather usual pattern in this type of case. Bernice Taylor, a drug addict with a previous narcotic conviction and with a recent narcotics violation charge against her which was dismissed on recommendation of narcotic agent Patch, and a self-confessed thief, was induced by agent Patch to enter into narcotic purchase arrangements with defendants under surveillance of narcotic agents. Mrs. Taylor testified that she had previously purchased narcotics from defendants on a number of occasions under a plan whereby she would call Aggers and advise him the amount of narcotics desired. Aggers would then call at her apartment and collect the purchase price and would then phone his wife to notify Larry that he had collected. Larry would then call Mrs. Taylor and advise that the narcotics had been placed in a public phone booth at a specified location. Agent Patch was in Mrs. Taylor's apartment when arrangements such as above described were made with respect to the charged sales. He was concealed in a bedroom and witnessed the payment to Aggers with government money that he had provided. He monitored the telephone conversations between Mrs. Taylor and Coates by means of an extension phone in the apartment. Patch and Mrs. Taylor identified the Larry engaged in the telephone conversations as the defendant Coates, testifying that they were familiar with his voice. Aggers also testified that he had some acquaintance with Coates and that he called him Larry.

In each instance after receiving calls from Larry with regard to the location in which the heroin had been placed, Mrs. Taylor and Patch went to such place and Patch took possession of the package there found. The packages seized were properly traced into the hands of the government chemist who testified that each package contained heroin. Testimony corroborating various aspects of the foregoing evidence was provided by other government agents.

Each defendant took the witness stand in his own behalf and denied any part in the alleged sales or any part in connection with the conspiracy charged.

Defendants are represented by different counsel and raise distinct grounds for reversal, supported by separate briefs.

■■ We have carefully considered the entire record. Viewing the evidence in the light most favorable to the government, as we must under established appellate review procedures, we have no doubt that the evidence is adequate to support the guilty verdicts returned by the jury. As disclosed by the discussion hereinafter dealing with the points separately raised by each defendant, we find that each defendant has had a fair trial and that no prejudicial error has been committed and that the judgments must be affirmed.

## AGGERS APPEAL.

■ Aggers first ground for reversal is thus stated: "The Court erred in overruling Defendant's Motion to Dismiss the indictment in that it failed to inform the defendant Aggers of the alleged purchaser of the narcotics involved therein." Such contention is devoid of merit. While Lauer v. United States, 7 Cir., 320 F.2d 187, lends some support to defendant's position, the Seventh Circuit sitting en banc, in Collins v. Markley, 7 Cir., 346 F.2d 230, determined Lauer was wrongly decided. This court has consistently refused to follow Lauer. We have repeatedly held that the naming of the purchaser is not an essential element of a charge of unlawful sale of narcotics such as to make an indictment in which the name is not set out fatally defective. Cain v. United States, 8 Cir., 349 F.2d 870, 871; Taylor v. United States, 8 Cir., 332 F.2d 918, 920; Jackson v. United States, 8 Cir., 325 F.2d 477, 479.

Aggers on December 28, 1965, filed a motion for bill of particulars, asking that he be furnished the name of the purchaser of the narcotics. Such motion was submitted and sustained on December 30, the last work day of the year. On January 3, 1966, the first work day of that year, the government filed the bill of par-

ticulars setting forth the name of the purchaser and mailed a copy thereof to Aggers' counsel. The United States attorney on January 3 and later that week again unsuccessfully attempted to reach counsel by telephone for the purpose of conveying such information but was unable to communicate with counsel because of his absence from the city for the week. When the case was reached for trial pursuant to assignment on January 10, 1966, Aggers complained that he had not received the name of the purchaser. He was promptly given the name. Counsel then requested a week's continuance for the purpose of interviewing and investigating the purchaser. He was informed that the purchaser was in the United States Attorney's office and could be interviewed forthwith. The court suggested that a jury be drawn and that the case be continued until the next day. To this Aggers' counsel responded, "I have no objection to this." Counsel interviewed the purchaser that morning. The following morning when trial was resumed, no further request for a continuance was made. Counsel's cross-examination of Mrs. Taylor discloses that he had obtained considerable information about her.

█ The government promptly filed its bill of particulars and used reasonable diligence in attempting to give Aggers' counsel the name of the purchaser. No prejudice to defendant by reason of the late acquisition of this information is shown. Under the circumstances here disclosed, defendant has failed to demonstrate that this incident in any way prejudicially handicapped him in the preparation of the defense.

█ Defendant's second point is that the court erred in overruling his motion for acquittal in that there has not been adequate proof of the sale of a narcotic drug as such to sustain the conviction. The evidence of the chemist is that the package involved in the Count 1 sale weighed 21.07 grams and tested 3½% heroin and that the Count 2 purchase weighed 10.86 grams and contained 4% heroin. Defendant's argument is that because of such limited percentage of the drug in the sample, it cannot be considered heroin. We regard such argument as frivolous. No authorities are cited in support of the contention.

The government chemist's testimony is that heroin is frequently diluted; that 5% heroin is quite a bit, and that 3½% heroin is far more than a trace. He positively testified that each sample here involved contained substantial quantities of heroin. The pertinent statutes set no minimum standards with respect to quantity or quality of proscribed narcotics. At the very least, a jury issue is presented on the question of whether the seized samples contained heroin. See United States v. Rosa, 2 Cir., 343 F.2d 123. The jury by its verdict answered such question in the affirmative and there is substantial evidence to support such finding.

### COATES APPEAL

Coates asserts two errors upon his appeal. The first error is thus stated: "The evidence supporting the conviction of the conspiracy was the same evidence in the substantive Counts upon which the jury could not agree on a verdict of guilty and therefore involved a determination adverse to the Government of the facts constituting the overt acts charged in the conspiracy."

Coates relies upon Herman v. United States, 5 Cir., 289 F.2d 362, and United States v. Marcone, 2 Cir., 275 F.2d 205. We find nothing in either case which compels a reversal here. In *Marcone,* defendant was acquitted on the substantive count and convicted of conspiracy. *Marcone* made the same contention here made by Aggers. The court rejected the contention, assigning two reasons, First, that the verdict on each of the counts was rendered at the same trial and hence his acquittal could have no res judicata aspects on the conviction count. Supporting authorities are cited. The second reason stated is that there was adequate

evidence to establish a finding that a conspiracy existed and the acquittal on the substantive count did not constitute a finding adverse to the goverment that no overt act in furtherance of the conspiracy had been committed.

*Herman* lends some support to defendant's contention. We need not here determine whether such case was rightly decided. The basis of the decision appears to be that the jury acquittal on the conspiracy charge of all asserted coconspirators invalidated defendant's conviction of conspiracy upon the ground that two or more persons are necessary for a conspiracy. The court recognizes "[b]ut where the acquittal of the substantive offense does not necessarily constitute a determination that the overt act was not committed the acquittal does not preclude a conviction on the conspiracy count." 289 F.2d 362, 369.

In our present case, five overt acts are charged. The jury's conviction of coconspirator Aggers on the two substantive counts as well as the conspiracy count would appear to establish that the jury found that the asserted overt acts of Aggers in receiving payment with respect to the two substantive counts sales was established. Additionally, we observe that no verdict and hence no acquittal exists as to Coates on Count 2.

■■ Moreover, at least since the decision of Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356, this court has consistently held that inconsistency of verdict upon separate counts of an indictment does not entitle the defendant to a reversal of a judgment upon the counts upon which he was convicted. Coil v. United States, 8 Cir., 343 F.2d 573, 576; Koolish v. United States, 8 Cir., 340 F.2d 513, 525–526; Anderson v. United States, 8 Cir., 262 F.2d 764, 770; Downing v. United States, 8 Cir., 157 F.2d 738, 739.

Finally, Coates urges that the court erred in failing to instruct the jury that knowledge of illegal transportation is a necessary element of the offense of conspiracy to violate the narcotics law. Defendant concedes that he did not raise the issue here under consideration either by exceptions to instructions given or by request for instructions. Rule 30, Fed.R.Crim.P., expressly provides: "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

■ The proper foundation for establishing a basis for questioning the applicable law as stated by the court in its instructions is by request for instruction or exceptions to instructions given. Absent such foundation, asserted errors in instruction are not entitled to consideration upon appeal absent a Rule 52(b) plain error situation. Singer v. United States, 380 U.S. 24, 38, 85 S.Ct. 783, 13 L.Ed.2d 630; Lopez v. United States, 373 U.S. 427, 436, 83 S.Ct. 1381, 10 L.Ed. 2d 462; Ramsey v. United States, 8 Cir., 332 F.2d 875, 877; Franano v. United States, 8 Cir., 310 F.2d 533, 535.

Defendant relies largely upon the two to one decision in United States v. Massiah, 2 Cir., 307 F.2d 62. The majority opinion in that case lends some support to defendant's position upon the point here under consideration. The instructions of course differ from case to case. We do not have the *Massiah* instructions before us and it is unnecessary for us to pass upon the validity of such decision as applied to the facts of this case. We do observe, however, that we are impressed with the reasoning of the dissenting opinion of Chief Judge Lumbard supporting his view that absent request or exceptions, no prejudicial error existed in the instructions.

■ A careful consideration of the instructions given in this case as a whole leads us to the conclusion that no plain error was committed in the instructions. The conspiracy count pleads in the conjunctive, conspiracy to violate 21 U.S.C. § 174 and 26 U.S.C. § 4705(a). Defendant's complaint is that the court did not make it clear that under § 174 a necessary element to sustain a conviction is knowledge that the drugs were illegally

imported or else such possession as would under the terms of § 174 raise the presumption of such knowledge. Knowledge of illegal importation is without doubt an essential element of the § 174 offense but it is not an essential element of the § 4705(a) offense.

In our present case, the court read the indictment which charges defendants "did wilfully, knowingly, unlawfully and feloniously conspire * * * to receive, conceal, buy, sell, * * * heroin * * * after being imported and brought into the United States, knowing the same to have been imported and brought into the United States contrary to law in violation of Title 21, United States Code, Section 174, * * *."

The court read to the jury § 174 including the words "knowing the same to have been imported or brought into the United States contrary to law". The court advised the jury that intent is an essential element in that "you must also believe the acts were knowingly and intentionally done by the defendant." "Knowingly" is defined as follows: " 'Knowingly' as used in these instructions means that state of mind wherein a defendant was in possession of facts from which he knew, or was aware that he could not legally do or fail to do the acts whereon he here stands charged."

Later, the court states: "Therefore, in order to find a defendant, or defendants, guilty, you must not only believe that they did the acts complained of, and of which they stand charged, but you must also believe that the acts were intentional and knowingly done by a defendant, or defendants."

We conclude that the instructions considered as a whole reflect that knowledge of unlawful importation is a necessary element of conspiracy to violate § 174. If more explicit instructions were desired, defendant should have made a proper request for amplification of the instructions as required by the rules of criminal procedure.

The judgments appealed from are affirmed.