**Addrin COATES, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 69 C 423(1).**

United States District Court
E. D. Missouri, E. D.

Jan. 2, 1970.

---

1. Allen Ginsberg; Young Entertainers, Inc.; Louis Ginsberg, father of Allen Ginsberg who was not allowed to join his son on the stage and speak; and Harvey Richman, a member of the audience who represents that class.

Shaw, Hanks & Bornschein, Clayton, Mo., for plaintiff.

Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM OPINION AND ORDER

HARPER, Chief Judge.

This matter is presently before the court on petitioner's first amended motion to vacate and set aside his sentence pursuant to 28 U.S.C.A. § 2255, for the reason that "Substantial evidence was adduced at the trial, which said evidence was obtained by Federal Narcotics Agents by intercepting communications alleged and attributed to plaintiff to other persons in violation of Section 605 of the Federal Communications Act (47 U.S.C.A. § 605) and in violation of the Fourth Amendment to the United States Constitution."

Petitioner and one Dennis Aggers were jointly indicted and tried to a jury on a three-count indictment charging illegal sale of heroin on two dates in violation of 26 U.S.C.A. § 4705(a); and conspiracy to receive, conceal, buy and sell heroin in violation of 21 U.S.C.A. § 174 and to sell heroin to persons not in pursuance of a written order on prescribed form in violation of 26 U.S.C.A. § 4705(a). Coates was found not guilty

on Count 1, guilty on Count 3 (conspiracy), and a mistrial was declared as to Count 2. On Count 3, Coates was sentenced to a term of eight years. On appeal, the conviction was affirmed, Coates v. United States, 366 F.2d 744 (8th Cir. 1966). The facts are fully reported in 366 F.2d 744 and will not be reiterated except that portion relating to the issue raised by petitioner.

The evidence which is here being challenged concerns certain telephone conversations. As summarized by the Eighth Circuit, 366 F.2d, at 746, the facts are:

"The evidence follows a rather usual pattern in this type of case. Bernice Taylor, a drug addict with a previous narcotic conviction and with a recent narcotics violation charge against her which was dismissed on recommendation of narcotic agent Patch, and a self-confessed thief, was induced by agent Patch to enter into narcotic purchase arrangements with defendants under surveillance of narcotic agents. Mrs. Taylor testified that she had previously purchased narcotics from defendants on a number of occasions under a plan whereby she would call Aggers and advise him the amount of narcotics desired. Aggers would then call at her apartment and collect the purchase price and would then phone his wife to notify Larry that he had collected. Larry would then call Mrs. Taylor and advise that the narcotics had been placed in a public phone booth at a specified location. Agent Patch was in Mrs. Taylor's apartment when arrangements such as above described were made with respect to the charge sales. He was concealed in a bedroom and witnessed the payment to Aggers with government money that he had provided. He monitored the telephone conversations between Mrs. Taylor and Coates by means of an extension phone in the apartment. Patch and Mrs. Taylor identified the Larry engaged in the telephone conversations as the defendant Coates, testifying

that they were familiar with his voice. Aggers also testified that he had some acquaintance with Coates and that he called him Larry."

The statute under which petitioner is challenging the admission of the telephone conversation into evidence provides in part that no person not authorized by the sender shall intercept any communication by wire or radio and divulge the existence or contents of the intercepted communication. 47 U.S.C.A. § 605.

The telephone conversations admitted into evidence in this case clearly do not come within the scope of 47 U.S.C.A. § 605. Bernice Taylor, a party to the conversations, authorized and consented to the divulgence of the conversations. That fact alone is sufficient to remove the facts from the scope of Section 605. One entitled to receive communications may use it for his own benefit or have another use it for him and the communication is not privileged. Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134 (1957); United States v. Cooper, 365 F.2d 246 (6th Cir. 1966). Bernice Taylor was the receiver of the telephone call and could divulge its contents or authorize another to do so. Petitioner had no right to force her to secrecy and could not, by using a telephone, compel her silence. One party to a telephone communication has no right to force the other to secrecy, and, in fact, takes the risk that the other party may have an extension telephone and may allow another to overhear the conversation. Amsler v. United States, 381 F.2d 37 (9th Cir. 1967); United States v. Martin, 372 F.2d 63 (7th Cir. 1967); Rogers v. United States, 369 F.2d 944 (10th Cir. 1966); and United States v. Cooper, supra.

In addition, listening in on a telephone conversation on an extension telephone with the consent of one party to the conversation is not an "interception of communication" prohibited by the Communications Act. Rathbun v. United States, supra; Olney v. United States, 380 F.2d 28 (9th Cir. 1967);

United States v. Martin, supra. That is exactly what agent Patch did in this case. There was no interception of communication.

■ There is no authority in support of the contentions made by petitioner here. No facts and no law have been cited by petitioner which would indicate that petitioner's Fourth Amendment rights have been violated. Rather, as Judge Van Oosterhout stated in his opinion affirming Coates' conviction: "The evidence follows a rather usual pattern in this type of case." 366 F.2d, at 746.

■ The court finds that the petitioner is not entitled to the relief sought. No evidentiary hearing is necessary for the reason that, based on the record in this case, petitioner's motion and the applicable law, petitioner has failed to raise a substantial issue as to the basic fairness of the original trial.

Accordingly, it is ordered that the petitioner's first amended motion be and it is hereby overruled.