**Rufus Lee SMITH, Plaintiff,**

v.

**The CINCINNATI POST & TIMES STAR et al., Defendants.**

**No. 8082.**

United States District Court,
S. D. Ohio, W. D.

June 29, 1972.

---

Harvey B. Woods, Cincinnati, Ohio, for plaintiff.

Harry M. Hoffheimer, Cincinnati, Ohio, for defendants.

## OPINION AND ORDER

PORTER, District Judge.

In this case the essence of the complaint is that the defendants willfully published material of a telephone conversation in violation of the Federal Wiretap Laws (18 U.S.C. § 2511). Jurisdiction is laid under 18 U.S.C. § 2520. This section authorizes a civil action by "any person whose wire or oral communication is intercepted, disclosed or used in violation of this chapter." Defendants have moved for a summary judgment pursuant to Rule 56 F.R.Civ.P., and this stands submitted under Local Rule 14 on memoranda pro and con and the pleadings, which consist of an amended complaint and an answer thereto.

The facts are in all respects the same as those heretofore summarized in a companion case, No. 8081, Smith v. Wunker. There are no genuine issues of material fact, and the defendants are entitled to judgment as a matter of law for the same reasons the defendant was in Smith v. Wunker, *supra*.

There we held that Wunker was a party to the telephone conversation, did not violate 18 U.S.C. § 2511 because the recording of a telephone conversation by a party to it is not considered "eavesdropping" or "wiretapping."

In this case plaintiff claims, and the facts are, that in August, 1970, the defendants published an article in their newspaper which purported to be excerpts of a taped telephone conversation between the plaintiff and one Howard R. Wunker. The conversation was recorded on tape recorder by Wunker and subsequently disclosed by him to the defendants herein. They then published the report, an attempt by the plaintiff to obtain money from Wunker for intervening in and "fixing" a matter pending in the Common Pleas Court of Hamilton County, Ohio.

The result in this case must be the same as it was in Smith v. Wunker because the message was not obtained as a result of any violation of 18 U.S.C. § 2511, and therefore the plaintiff cannot seek damages from these defendants for publishing such conversation by claiming a violation of that section.

Plaintiff claims that 47 U.S.C. § 605 is applicable. We disagree. Section 605 does not grant any civil remedy to a person who has allegedly been injured as a result of a violation of that section.

Moreover, the substantive law relating to 47 U.S.C. § 605 is similar to that which we found controlling in Smith v. Wunker, *supra*.

Briefly, one entitled to receive communications may use such communi-

cations for his own benefit or have another use it for him. Coates v. United States, 307 F.Supp. 677 (E.D.Mo., 1970). Futhermore, in order to constitute violation of § 605, the defendant must both intercept and divulge the communication. Bufalino v. Michigan Bell Telephone Company, 404 F.2d 1023 (6 Cir., 1968). The defendants herein are only alleged to have published the conversation in question. Another person is accused of "intercepting" the conversation.

 As already indicated, no "interception" occurs within the proscription of § 605 when one party to a telephone conversation records it for his own use. Parkhurst v. Kling, 249 F.Supp. 315 (E.D.Pa., 1965).

Accordingly, we find the motion well taken, and it is therefore sustained, and judgment is hereby entered in favor of the defendants and against the plaintiff.