# UNITED STATES COURT OF APPEALS

# FOR THE EIGHTH CIRCUIT

————

No. 97-3407

————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United |
| v. | * | States District Court for |
| | * | the Eastern District of |
| Roger David Rolett, | * | Arkansas |
| | * | |
| Appellant. | * | |

————

Submitted:   February 10, 1998
Filed:   July 30, 1998

————

Before RICHARD S. ARNOLD, [1] Chief Judge, HANSEN, Circuit Judge, and
LIMBAUGH,[2] District Judge.

————

[1]  The Hon. Richard S. Arnold stepped down as Chief Judge of the United
States Court of Appeals for the Eighth Circuit at the close of business on April 17,
1998.  He has been succeeded by the Hon. Pasco M. Bowman II.

[2]  The Hon. Stephen N. Limbaugh, United States District Judge for the
Eastern District of Missouri, sitting by designation.

LIMBAUGH, District Judge

Appellant was charged with conspiracy to commit a murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5) in Count I of the indictment and in Count II was charged with murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1)and 2. A jury convicted appellant of Count I, the conspiracy count, and found appellant not guilty of Count II, the murder count.

On this appeal, appellant raises three assignments of error. The first is that the district court[3] erroneously admitted Rule 404(b) evidence. Second, the district court erroneously denied motions for judgment of acquittal and for a new trial because of insufficient evidence to support the verdict as to Count I. The third assignment is that the district court should have sustained the motion for judgment of acquittal as the verdict of guilty on Count I was inconsistent with the verdict of not guilty as to Count II. We affirm.

Appellant and Charles Edwin "Butch" Davidson were both charged in Counts I and II of a superseding indictment. Before trial, the government dismissed Davidson pursuant to an agreement whereby he would cooperate and testify against appellant.

At the trial, the parties stipulated that there was in existence, from February 1989 to February 1995, a racketeering criminal enterprise directed by Davidson. The enterprise was engaged in auto theft, arson, insurance fraud, drug distribution, intimidation and murder in and around White County, Arkansas, and the activities of the enterprise affected interstate commerce.

Davidson testified extensively concerning the racketeering, criminal enterprise

_____

[3] The Hon. George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

and the circumstances surrounding the murder of Marlene Holt. The body of Holt has never been found.

Davidson also stated he had previously been convicted of a RICO charge and for murder for hire of Daryl Cooperwood. His sentence in these cases was life imprisonment without possibility of release, plus an additional term of 999 months incarceration.

During his testimony, Davidson stated that he had been running a body shop and car lot and was involved in stolen trucks. He would take the trucks apart, disassemble them and use the parts on wrecks, switching vehicle identification numbers. He labeled this operation as a chop-shop enterprise. Davidson stated that his stepson, Tim Scarbrough, and appellant would steal trucks for him as a part of his chop-shop operation. Davidson also testified that he would operate as a fence by buying stolen property and reselling it. He stated that Tim Scarbrough and appellant were burglarizing houses and then bringing him stolen property to sell. This included TVs, VCRs, microwaves and guns.

At that point in Davidson's testimony, defendant moved for a mistrial because of the introduction in evidence of the thefts and burglaries. The argument was that this evidence was inappropriate in a murder trial or in a charge of conspiracy to commit murder in aid of racketeering. The trial court considered the evidence as that contemplated by Rule 404(b) of the Federal Rules of Evidence. The request for a mistrial was denied but the court elected to give a cautionary instruction. The court told the jury that Davidson had testified about certain acts of conduct involving appellant, that is stealing property, breaking into homes and delivering guns and television sets to Davidson. The court stated that the evidence was being received for a limited purpose and it was not being received to show the character of appellant or to show that appellant acted in accordance with any alleged characterization, but that it was being received to show motivation, intent, knowledge, mode and manner of

operation, the absence of mistake or accident or the relationship between the appellant and Davidson. The court told the jury that the members could receive this information for those limited purposes only, and not to pinpoint the character of appellant.

Davidson later testified about events involving Tim Scarbrough buying marijuana from an undercover officer. Davidson stated that Scarbrough attempted to steal some of the evidence of the marijuana offense. He stated that Scarbrough broke into the Drug Task Force office in Searcy, Arkansas and stole all of the files and records. He stated that appellant was with him at the time of the theft. At that point, appellant again moved for a mistrial and the court denied it and offered again to give the same cautionary instruction given earlier as to the Rule 404(b) evidence. Counsel for appellant did not feel it was necessary to restate the cautionary instruction, so none was given and the request for mistrial was denied.

Appellant argues that the introduction of this evidence violated Rule 404(b) of the Federal Rules of Evidence and that the district court, therefore, erred in denying the motion for a mistrial. Appellant urges the court to find that the other acts allegedly performed by him were not similar in kind to the acts charged and the prejudice of this testimony far outweighed the probative value of the evidence.

Although both parties treated the evidence of other acts as Rule 404(b) evidence, this court finds that such evidence is "intrinsic evidence" which is inextricably intertwined as "an integral part of the immediate context of the crime charged." U.S. v. McGuire, 45 F.3d 1177, 1188 (8th Cir. 1995). U.S. v. Williams, 95 F.3d 723, 730, 731 (8th Cir. 1996).

The superseding indictment as to Count 1 sets out as an introduction that from in or about March 3, 1992 to in or about February 1995, Davidson and others constituted an enterprise as defined in 18 U.S.C. § 1959(b)(2); that is, a group of individuals associated in fact, which engaged in, and the activities of which affected

interstate commerce. The purposes of the enterprise included enriching the members of the enterprise through, among other things, drug trafficking, arson, auto theft and fraud, and preserving and protecting the power of the enterprise through use of intimidation, threats, violence, arson and murder. It was alleged that the enterprise employed people, known and unknown to the Grand Jury, to carry out acts for Davidson. The enterprise, "called the Davidson Enterprise" through its members and associates engaged in racketeering activity as defined in 18 U.S.C. § 1959(b)(1) and 1961(1), that is, acts involving murder and arson in violation of the Arkansas Criminal Code and acts indictable under 18 U.S.C. § 1958 and other sections. The indictment charged in addition that in or about July 1992 through September 1992 in the Eastern District of Arkansas, Davidson and appellant conspired with each other as consideration for the receipt of, and as consideration for a promise and agreement to pay something of pecuniary value from the Davidson Enterprise, and for the purpose of maintaining and increasing their position in the enterprise, which was engaged in racketeering activity, to cause the death of Marlene Holt by way of murder, in violation of Arkansas laws, thereby violating 18 U.S.C. § 1959(a)(5).

Although the parties stipulated that there was, in existence, a racketeering, criminal enterprise directed by Davidson which was engaged in auto theft, arson, insurance fraud, drug distribution, intimidation and murder it was relevant for the government to offer evidence that appellant was involved, not only in the conspiracy to cause the death of Marlene Holt, but to offer proof that appellant, himself, was a member of the conspiracy and of the racketeering enterprise.

Section 1959(a) of 18 U.S.C. provides that "whoever as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, . . . any individual in violation of the laws of any state or the United States or attempts or conspires so to do, shall be punished . . ."

In order to prove its case against appellant, the government had to prove that there was an enterprise engaged in racketeering activity and that the enterprise gave or promised consideration to appellant and Davidson to commit a murder, or to conspire to commit a murder. While it was not necessary to prove that appellant was himself a part of the enterprise engaged in racketeering activity, it was certainly relevant to produce evidence suggesting that he and Davidson worked together in the enterprise engaged in racketeering activity as alleged in the indictment. Racketeering activity, among other things, includes trafficking in certain motor vehicle or motor vehicle parts. 18 U.S.C. § 1961. This includes obliterating, tampering or altering motor vehicles, or motor vehicle parts, including engaging in chop-shop operations. 18 U.S.C. § 2321 and § 2322.

The evidence that appellant and Tim Scarbrough were engaged with Davidson in a chop-shop operation, and that appellant was stealing materials to further that operation was certainly relevant to prove that there was an enterprise engaged in racketeering activity and that this enterprise provided the consideration to appellant and Davidson to conspire to commit murder. The stipulation of the parties that there was an enterprise engaged in racketeering activity would not preclude the government from introducing further evidence concerning the nature and extent of the enterprise and the nature and extent of the racketeering activity.

Since the evidence of the other acts is intrinsic evidence which is inextricably intertwined as an integral part of the immediate context of the crime charged, it was not error for the trial judge to allow this evidence to come before the jury, and to refuse the request for a mistrial.

Even if the other acts evidence was not intrinsic evidence, inextricably intertwined as an integral part of the immediate context of the crime charged, it was properly admitted as Rule 404(b) evidence.

The test for admission of other act evidence under Rule 404(b) requires a showing that: 1. The evidence of the other act must be relevant to a material issue; 2. The other act must be similar in kind and reasonably close in time to the crime charged; 3. The other act must be proved by a preponderance of the evidence; and, 4. The probative value of the evidence must not be outweighed by its prejudice. U.S. v. Shoffner, 71 F.3d 1429, 1432 (8th Cir. 1995).

Evidence of appellant's association with Davidson in the chop-shop operation and stealing of vehicles as a part of that activity was relevant to a material issue in the case in that the racketeering activity enterprise had to be established in order to have some entity to provide consideration to those accused of conspiring to cause the death of Marlene Holt. All of appellant's illegal activities with Davidson helped to establish the existence of the enterprise which was engaged in racketeering activity and appellant's association with that enterprise.

Although the other acts complained of were not similar to murder or a conspiracy to commit murder, they were a part of the enterprise which was engaged in racketeering activity. There is no dispute that they were close in time to the crime charged.

Although Davidson was a convicted felon, there was no reason to dispute his testimony about the other acts of appellant and there was no evidence to suggest that Davidson had misspoken when he described the other acts.

Finally, the court determines that the probative value of the other acts evidence was more probative than prejudicial.

The trial court is vested with broad discretion in determining whether to admit wrongful act evidence. This court has consistently viewed Rule 404(b) as one of inclusion, permitting admission of other crimes, wrongs or bad acts material to an issue at trial unless the evidence tends to prove only the defendant's criminal disposition.

Shoffner, 71 F.3d at 1432, Arcoren v. U.S., 929 F.2d 1235, 1243 (8th Cir. 1991). The trial court gave a proper Rule 404(b) instruction at the time the evidence was elicited and there was ample independent evidence to support the verdict. We find the district court did not abuse its discretion in admitting the bad acts evidence. U.S. v. Mosby, 101 F.3d 1278, 1282 (8th Cir. 1996).

Appellant next contends that there was insufficient evidence to convict him of conspiracy to commit murder in aid of racketeering. On review of the conviction, we must view the evidence in the light most favorable to the government and give the government the benefit of all reasonable inferences. The charge can be proved by direct evidence or wholly by circumstantial evidence and inference or by both. Williams, 95 F.3d at 732. If any rational trier of fact could have found guilt beyond a reasonable doubt, this Court must affirm. U.S. v. Searing, 984 F.2d 960, 963, 964 (8th Cir. 1993).

Although the body of Marlene Holt has never been found, various witnesses testified that appellant told them he had killed her. This evidence came from Davidson, Paula Scarbrough, Bill Scarbrough, Tim Scarbrough and Melvin Redman. Holt's mother, brother and others testified that they have not seen Holt since Labor Day of 1992. In August of 1992, Davidson and Holt were living together at Davidson's home. Davidson voluntarily entered a residential facility for psychiatric and addiction problems in North Little Rock, Arkansas sometime in late August or early September of 1992. Before Davidson left for the hospital, he told appellant to keep an eye on his place while he was gone. Other witnesses, while visiting Davidson, informed him about shootings, partying and a lot of traffic going on at his house. Thereafter, Davidson told appellant to get rid of his problem because Holt was strung out on drugs, was acting erratic and Davidson was concerned that Holt might tell about his involvement in a murder-for-hire. Davidson and appellant discussed overdosing Holt, and Davidson promised to give a Chevrolet truck to appellant for taking care of the problem. Later, appellant told Davidson that he had killed Holt as requested.

Melvin Redman, a friend of Davidson, testified that appellant told him he had taken care of Marlene Holt for Davidson and that Davidson owed him a truck for the deal he had done. Tim Scarbrough also testified that appellant said Davidson was to give him a truck for killing Holt.

The jurors had sufficient evidence to support the verdict of the jury as to Count I of the indictment. The agreement between Davidson and appellant to conspire to murder Holt need not have been in writing and need not have been successful. There was both direct and circumstantial evidence to support the verdict, and it should not be disturbed because the body of Holt has not been located, nor should the verdict be disturbed because the testimony of some of the witnesses may have been suspect. It is up to the jury to pass upon the credibility of witnesses and the weight to be given their testimony. U.S. v. Slaughter, 128 F.3d 623, 627 (8th Cir. 1997).

Appellant's final argument that the verdict of guilty as to Count I was inconsistent with the verdict of not guilty as to Count II is without merit. As stated, the appellant was found not guilty of the charge of murder in aid of racketeering, but was found guilty of the charge of conspiracy to commit a murder in aid of racketeering. The statute provides that when someone has received pecuniary value from an enterprise engaged in racketeering activity and, in consideration of that value, murders any individual in violation of the laws of any state or the United States "or attempts or conspires so to do, shall be punished . . . . " 18 U.S.C. § 1959(a).

The jury could have found that appellant attempted to murder Marlene Holt or conspired with others to murder Marlene Holt and be guilty of violation of the statute even though Holt may not have been murdered. It is not necessary for the government to prove that the conspirators actually succeeded in accomplishing their unlawful plan. Manual of Model Jury Instructions for the District Courts of the Eighth Circuit, Instruction No. 5.06E(1996). U.S. v. Nicoll, 664 F.2d 1308, 1315 (5th Cir.) cert. den., 457 U.S. 1118, 102 S.Ct. 2929, 73 L.Ed.2d 1330 (1982).

The Court finds, therefore, that the verdicts are not inconsistent. On the basis of the evidence, the jury could have found that no murder was committed and acquitted appellant on Count II while, at the same time, finding him guilty of the conspiracy count to conspire to murder in Count I and these findings would not be inconsistent.

Even if the jury findings were inconsistent, appellant is not entitled to reversal of the judgment on the Count on which he was convicted, if there is sufficient evidence to support a finding of guilt, O'Dell v. Armontrout, 878 F.2d 1076, 1080 (8th Cir. 1989), Aggers v. U.S., 366 F.2d 744, 746, 747 (8th Cir. 1966), U.S. v. West, 549 F.2d 545, 553 (8th Cir. 1977), Batsell v. U.S., 403 F.2d 395, 400 (8th Cir. 1968), cert. den., 89 S.Ct. 865 (1969). In Aggers, defendants Aggers and Coates were jointly tried on three counts. Count I and II charged the defendants with illegal sales of heroin on different dates. Count III charged defendants with conspiracy to receive, conceal, buy and sell heroin, knowing the same to have been illegally imported. Aggers was found guilty on all three counts. Coates was found not guilty on Count I and guilty on Count III and there was a mistrial as to Count II. Thus, in Aggers, defendant Coates was found guilty of the conspiracy count and not guilty of the substantive count. The same result was reached by the jury here as appellant was convicted on the conspiracy count, and not on the substantive count.

The converse result was reached in West. There, the defendant was convicted on substantive counts and acquitted on the conspiracy count. In both Aggers and West, the Court determined that even if the verdicts were inconsistent, the defendants were not entitled to reversal on the Count on which each was convicted. The same reasoning is applicable here.

We affirm the judgment of the district court.

A true copy:

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.