**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 05-4217**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PAUL A. SCHYBAL,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.  David A. Faber, Chief
District Judge. (CR-04-116)

─────────────

Submitted:  October 26, 2005        Decided:  November 21, 2005

─────────────

Before TRAXLER and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, Edward H. Weis, Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant. Kasey Warner,
United States Attorney, W. Chad Noel, Assistant United States
Attorney, Charleston, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

A jury convicted Paul A. Schybal of mailing a threatening letter, in violation of 18 U.S.C.A. § 876 (West Supp. 2005). The district court sentenced him to thirty-seven months' imprisonment. On appeal, Schybal asserts that insufficient evidence supported his conviction and that his sentence was unreasonable. We affirm.

Schybal contends that, although he wrote the letter at issue, there is no evidence that he was the one who mailed it. He was a prison inmate when the letter was mailed, and he points to the nearly two month time gap between the date on the letter and date of the postmark to show that anyone could have found the letter and mailed it. We must uphold a jury's verdict of guilty if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence is substantial, we view the evidence in the light most favorable to the Government, and inquire whether there is evidence sufficient to support a finding of guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996). In order to be convicted under 18 U.S.C. § 876, a defendant must have knowingly deposited a threatening communication in the mail. United States v. Maxton, 940 F.2d 103, 105 (4th Cir. 1991).

Here, the evidence is undisputed. Schybal wrote and addressed a threatening letter to a corrections officer. He had

written and sent similar letters in the past to the same officer, as well as to another prison employee. He resided in the prison on the date the threatening letter signed and addressed by him was sent from the prison. We find that the evidence was sufficient to conclude that Schybal sent the letter at issue. See Petschl v. United States, 369 F.2d 769, 772 (8th Cir. 1966)(holding that proof of mailing and causing mailing may be shown by circumstantial evidence).

Schybal, who was sentenced after the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), argues that his sentence was unreasonable because it was greater than necessary to comply with the purposes of 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and because it did not address his mental illness. Following Booker, we review a sentence for reasonableness, and the district court is required to consider the guideline range, as well as the other factors in § 3553(a). See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). The factors in § 3553(a) include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment and rehabilitation; (4) the need to protect the public; and (5) the guidelines range.

In this case, the record reflects that the district court adequately and properly considered the § 3553(a) sentencing factors. The court noted the seriousness of the offense, Schybal's criminal history, the need for maximum deterrence, the threat to the victims, and the guideline range. While Schybal contends that he needs only strict home confinement and medical treatment, we hold that the district court properly considered the statutory factors and appropriately arrived at a sentence. We can find no basis to conclude that Schybal's sentence is unreasonable.

Accordingly, we affirm Schybal's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED