# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1676
_____

United States of America

*Plaintiff - Appellee*

v.

Casey Fogg

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Rapid City
_____

Submitted: December 14, 2018
Filed: March 21, 2019
_____

Before LOKEN and ERICKSON, Circuit Judges, and MAGNUSON,[*] District Judge.
_____

LOKEN, Circuit Judge.

A jury convicted Casey Fogg of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 1), and possession of an

_____

[*]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5871 (Count 2). The district court[1] imposed concurrent 63-month prison sentences on each count. Fogg appeals, arguing for the first time on appeal that the indictment was invalid. He further argues that the district court violated his right to a speedy trial by granting a continuance and abused its discretion by admitting evidence of drug trafficking found with the firearm at the time of Fogg's arrest. For the following reasons, we affirm.

## I. Indictment Issues.

Fogg argues for the first time on appeal that the superseding indictment returned by the grand jury is invalid for two reasons. First, he argues that the failure to allege an essential element of the offense charged in Count 2 -- that the allegedly unregistered short-barreled shotgun was "capable of operating as designed or could readily be put into operating condition" -- was "fatal to the prosecution." Second, he argues that the indictment was invalid because the grand jury heard "absolutely no evidence" regarding an element of each count: for Count 1, that he had previously been convicted of a crime punishable for a term exceeding one year; for Count 2, that the short-barreled shotgun was capable of operating as designed.

Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure provides that a defense that the indictment is defective because it fails to state an offense "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." The same rule applies to "an error in the grand-jury proceeding." Rule 12(b)(3)(A)(v). Here, the alleged defect in Count 2 was apparent on the face of the indictment, and grand jury materials disclosing the evidence presented to the grand jury were provided to Fogg before trial, but he failed to raise these issues by pretrial motion, as Rule 12(b)(3) requires.

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

Rule 12(c)(3) provides that a court may consider an untimely Rule 12(b)(3) defense or objection "if the party shows good cause." To show good cause, a party must show both cause and prejudice. United States v. Paul, 885 F.3d 1099, 1104 (8th Cir. 2018). Here, the alleged defects appeared on the face of the superseding indictment and in the grand jury materials provided before trial. As in United States v. Anderson, no cause or prejudice has been shown. 783 F.3d 727, 741 (8th Cir. 2015); see United States v. Green, 691 F.3d 960, 965-66 (8th Cir. 2012).

Rather than attempt to show good cause, Fogg argues that the alleged defects in the indictment were jurisdictional defects that deprived the district court of its power to adjudicate the case and therefore these contentions "may be made at any time while the case is pending." Rule 12(b)(2). However, this "elastic concept of jurisdiction," which originated in Ex parte Bain, 121 U.S. 1 (1887), "is not what the term 'jurisdiction' means today." United States v. Cotton, 535 U.S. 625, 630 (2002). "Insofar as it held that a defective indictment deprives a court of jurisdiction, Bain is overruled." Id. at 631; see United States v. Frook, 616 F.3d 773, 777-78 (8th Cir. 2010) (indictment's failure to allege facts demonstrating intent to deceive did not deprive the district court of jurisdiction). Accordingly, Rule 12(b)(2) does not apply. Thus, Fogg's failure to file a timely pretrial motion under Rule 12(b)(3) foreclosed each of the defective indictment issues he seeks to raise on appeal.[2]

## II. The Speedy Trial Issue.

The grand jury returned its initial indictment on March 21, 2017. On May 9, Fogg's counsel moved to continue the trial date, citing the need for additional time

---

[2]While we need not and do not decide the issue, we doubt Fogg is correct that Count 2 was defective because it failed to allege an essential element of the 26 U.S.C. § 5861(d) offense. See United States v. Yannott, 42 F.3d 999, 1006 (6th Cir. 1994) ("the law is clear that a weapon does not need to be operable to be a firearm"); see also United States v. Davis, 668 F.3d 576, 577 (8th Cir. 2012).

to complete investigation and prepare for trial.  The district court granted the motion on May 16, finding "the ends of justice served by continuing this trial outweigh the best interests of the public and the defendant in a speedy trial," and set the case for trial on July 25.  On May 22, counsel filed a motion to withdraw the prior motion to continue, advising that Fogg wanted to proceed to trial as soon as possible.  On June 1, Fogg filed a *pro se* letter confirming he had not consented to a continuance.  On June 5, the court denied the motion to withdraw, again noting the continuance was in the interests of justice and "Mr. Fogg's personal consent to a continuance was not needed."  Trial began on July 25, as scheduled.

The Speedy Trial Act, 18 U.S.C. § 3161, provides that a defendant's trial "shall commence within seventy days from the filing date . . . of the information or indictment."  18 U.S.C. § 3161(c)(1).  However, "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel" is excluded in computing the time within which the trial must commence if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Here, the district court granted a continuance to serve the ends of justice and excluded that delay in concluding that the Speedy Trial Act was not violated.  There was no clear error or abuse of discretion.  See United States v. Porchay, 651 F.3d 930, 935 (8th Cir. 2011) (standard of review).

On appeal, Fogg acknowledges the district court "appropriately" rejected his Speedy Trial Act claim under our precedents but asks us to adopt a new rule giving preference to the defendant's assertion of his speedy trial rights over the wishes of his attorney and the court.  We decline to do so, as this rule would be contrary to the plain text of § 3161(h)(7)(A) and prior decisions of this court.  See United States v. Herbst, 666 F.3d 504, 510 (8th Cir. 2012) (defendant's "opposition to his counsel's request for a continuance does not prevent that time from being excluded from the

speedy trial calculation"); accord United States v. Dunn, 723 F.3d 919, 928 (8th Cir. 2013).

### III.  The Evidentiary Issue.

The superseding indictment arose out of a traffic stop and subsequent car chase during which Rapid City, South Dakota police officers observed the front seat passenger, later identified as Fogg, reach underneath the front seat.  When the car finally stopped, Fogg jumped through a window and fled but was soon apprehended. Officers took the other occupants into custody and searched the vehicle.  They found a short-barreled shotgun on the passenger side floorboard; a bag containing shotgun shells, a cell phone, a drug kit, a scale, small plastic bags, a snort tube, a torch, and a meth pipe; and a green backpack in the front passenger area containing plastic bags with drug residue and small plastic bags generally used for drug distribution.  In other areas of the vehicle they found digital scales, laptops, knives, a needle, meth pipes, an air soft pistol, and more shotgun shells and small plastic bags.

Before trial, the government filed notice of its intent to introduce drug evidence seized from the stolen car under Federal Rule of Evidence 404(b), arguing the evidence was relevant to Fogg's "motive and intent, and ultimately to the issue of his knowledge and possession of the firearm located in the vehicle."  Overruling Fogg's objection, the district court allowed the evidence of drugs and drug paraphernalia found in the front passenger area to be admitted, agreeing with the government it was relevant to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Rule 404(b)(2).  On appeal, Fogg argues the court abused its discretion because evidence of drug paraphernalia largely related to personal use was not material to whether he unlawfully possessed a firearm, and potential prejudice outweighed any probative value.  See United States v. Young, 753 F.3d 757, 767 (8th Cir. 2014) (standard of review).  We disagree.

-5-

Rule 404(b) applies only "to the admission of wrongful-act evidence that is *extrinsic* to the charged offense; the rule does not prevent admission of other wrongful conduct that is *intrinsic* to the charged offense." United States v. Williams, 796 F.3d 951, 961 (8th Cir. 2015) (quotation omitted). Although the issue was argued to the district court under Rule 404(b), we conclude that evidence of drugs and drug paraphernalia seized along with a short-barreled shotgun after a car chase that ended with Fogg's arrest was clearly intrinsic, that is, it "complete[d] the story or provide[d] context to the charged crime." Young, 753 F.3d at 770 (quotation omitted); see United States v. Rolett, 151 F.3d 787, 790 (8th Cir. 1998).

In Williams, a prosecution for unlawful possession of a firearm, we concluded that heroin seized during the same pat-down search that revealed the firearm was intrinsic to the firearm possession because it was "part of the events . . . and is important for an understanding of why the defendant was arrested." 796 F.3d at 962. As in Williams, the drug evidence here was seized contemporaneously with the firearm that is the basis for the gun charges and "explains why [Fogg] may have been carrying the [short-barreled shotgun]." Id. Additionally, the drug evidence was probative of Fogg's knowledge and intent to possess the short-barreled shotgun, the relevant standard under Rule 404(b)(2). See Williams, 796 F.3d at 962; United States v. Claybourne, 415 F.3d 790, 796-98 (8th Cir. 2005).

Whether intrinsic or subject to Rule 404(b)'s limitation, evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. Here, nothing in the record suggests unfair prejudice, especially in light of the court's Final Instruction 8, which instructed the jury that it could not find Fogg guilty of the gun charges "simply because drugs or drug paraphernalia were found in the vehicle." There was no abuse of discretion.

The judgment of the district court is affirmed.

_____