# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-1259

———————————————

United States of America

*Plaintiff - Appellee*

v.

Travis Kyle Mayer

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Minnesota

——————————

Submitted: December 14, 2022
Filed: March 23, 2023

——————————

Before LOKEN, MELLOY, and KOBES, Circuit Judges.

——————————

KOBES, Circuit Judge.

Travis Mayer was convicted of several child pornography-related offenses. He appeals the district court's[1] denial of his pretrial suppression motion, the application of a sentencing enhancement, and the grouping of his counts at sentencing. We affirm.

———————————————

[1]The Honorable Wilhelmina Wright, United States District Judge for the District of Minnesota.

# I.

In 2017, police got a tip that Mayer violated his parole, prompting them to search his residence, a motel room. Police seized Mayer's cell phone and other items, including children's underwear, a diaper, and a notebook. Mayer was arrested and sent back to prison for violating parole. At the time, police couldn't access Mayer's phone, so they stored it.

In 2018, Mayer was released and got another phone. Mayer soon began an online relationship with a minor girl. Things between Mayer and the minor became hostile, and Mayer threatened to leak an explicit photo of her online. Police found out about Mayer's behavior, leading to his arrest. Police seized Mayer's new phone, but again couldn't access it.

A grand jury indicted Mayer for distributing child pornography, transferring obscene material to a minor, and committing a felony offense involving a minor while he was required to register as a sex offender. Mayer moved to suppress evidence derived from the Government's searches. The Government responded that Mayer's motion was moot or unripe, explaining that it had not yet collected any evidence from Mayer's phones and did not, at the time, plan to use the items recovered from the 2017 motel room search. The Government warned, though, that suppression could become ripe if its case against Mayer changed. The district court denied Mayer's motion as moot.

Police got into Mayer's phones a few months later. A couple of months after that, the Government filed a superseding indictment, adding counts related to the content of the phones. Mayer then moved to suppress evidence from the phones, which the district court denied. On the day trial was set to begin, Mayer moved to exclude the motel room evidence, citing the Government's representation that it didn't intend to use the items. The district court denied Mayer's motion, finding it untimely and without good cause.

A jury convicted Mayer on all counts except for one dismissed before trial. At sentencing, Mayer objected to an enhancement for the number of child pornography images connected to his offense. Mayer also objected that his counts were improperly grouped, affecting the Guidelines calculation. The district court overruled Mayer's objections and sentenced him to life in prison. Mayer appeals.

## II.

We first turn to the district court's denial of leave to make an untimely pretrial motion, which we review for an abuse of discretion. *United States v. Blanks*, 985 F.3d 1070, 1072 (8th Cir. 2021).

Under Federal Rule of Criminal Procedure 12(b)(3), evidentiary suppression "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Even if a suppression motion is untimely, "a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3). "To show good cause, a party must show both cause and prejudice." *United States v. Fogg*, 922 F.3d 389, 391 (8th Cir. 2019).

Mayer argues that the district court erred when it denied his motion to exclude the motel room evidence. He says that the Government promised it wouldn't use the evidence and the court did not hold the Government to its word. Mayer further argues that he was prejudiced and points to several instances where the items were talked about before the jury.

As an initial matter, Mayer's motion was untimely. In its opposition to Mayer's original suppression motion, the Government expressed that "the issue of suppression [wa]s moot, or at a minimum w[ould] only be ripe for adjudication later, should the United States' case against Mayer change." As the district court suggested, the Government's case against Mayer changed when it filed its first superseding indictment that charged Mayer with crimes dating back to 2017. At that

point, the basis for Mayer's suppression motion was "then reasonably available and . . . c[ould have] be[en] determined without a trial on the merits." Fed. R. Crim. P. 12(c)(3). Instead, Mayer waited until the day trial was set to begin, long after the superseding indictment was filed, to make his motion.

While good cause may cure an untimely motion, Mayer has not made this showing. According to the Government, it gave Mayer an exhibit list that identified the motel room items six months before trial. And about three weeks before trial, the Government filed its trial brief, also previewing the motel room findings. Mayer had ample time and notice to renew his suppression motion but did not do so until the first day of trial, meaning he hasn't shown cause. *Cf. Fogg*, 922 F.3d at 391 (finding no cause where "the alleged defects appeared on the face of the superseding indictment and in the grand jury materials provided before trial").

Even if Mayer showed cause, he wasn't prejudiced, which is required for *good* cause. *See id.* The Government offered significant evidence at trial that supported Mayer's conviction, including his incriminating admissions that he received and produced child pornography and explicit content recovered from his and the minor victim's phones. While the motel room evidence was incriminating in the sense that it worked against Mayer, "[t]he desire to suppress" such evidence is "not by [itself] sufficient to establish good cause to justify relief from a waiver of a defense, objection, or request under Rule 12." *United States v. Trancheff*, 633 F.3d 696, 698 (8th Cir. 2011).

All things considered, the district court did not abuse its discretion when it denied Mayer leave to make an untimely pretrial motion.[2]

---

[2]Mayer stylizes his pretrial ask as a motion to exclude evidence, rather than a suppression motion. We disagree with this characterization. In any event, this characterization doesn't help Mayer because we'd review the motion to exclude for an abuse of discretion, and we found none for reasons stated above. *United States v. Bowie*, 618 F.3d 802, 814 (8th Cir. 2010). Still, Mayer asks us to review this issue *de novo* because it involves an alleged breach of a Government promise. *See*

-4-

III.

We next address the sentencing enhancement for the quantity of child pornography images involved in Mayer's offense. We review a district court's interpretation and application of the Guidelines *de novo*, *United States v. Kiel*, 454 F.3d 819, 822 (8th Cir. 2006), and "the factual determinations underlying the district court's decision for clear error," *United States v. Sanders*, 4 F.4th 672, 676 (8th Cir. 2021), *cert. denied*, 142 S. Ct. 1161 (2022).

A defendant may receive a sentencing enhancement if a court finds by a preponderance of the evidence that a "child pornography offense involve[d] 600 or more images." *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009) (cleaned up); U.S.S.G. § 2G2.2(b)(7)(D). Under the Guidelines, images are "any visual depiction[s] . . . that constitute[] child pornography." U.S.S.G. § 2G2.2 cmt. n.6(A). In making this determination, a court may "take account of factual matters not determined by a jury," *Rita v. United States*, 551 U.S. 338, 339 (2007), and "rely on circumstantial evidence that demonstrates knowing possession of a certain number of images." *United States v. Nissen*, 666 F.3d 486, 491 (8th Cir. 2012).

Mayer argues that the district court clearly erred because the evidence did not show that his offense involved 600 or more images. But, an FBI examiner testified at trial that she found "several hundred" explicit images in a "kiddy porn heaven" folder on one of Mayer's cell phones, specifying a "five" to "six hundred" range. While the examiner explained that the "majority" of the images were in the "kiddy porn heaven" folder, she located other folders with similarly suggestive names, like "new kiddy porn" and "kid smut." Other evidence also showed that the image count

---

*generally United States v. Thompson*, 403 F.3d 1037, 1039 (8th Cir. 2005) ("Allowing the government to breach a promise that induced a guilty plea violates due process."). Mayer cites no on-point authority for *de novo* review, and we disagree regardless. But even if this was a Government promises issue, and we reviewed the Government's representation *de novo*, the Government broke no promise for reasons explained above.

exceeded 600, including numerous images recovered from Mayer's 2018 cell phone, Mayer's browsing history, and explicit videos of the minor victim sent to Mayer that were recovered from the minor's phone. *See* U.S.S.G. § 2G2.2 cmt. n.6(B)(ii) ("Each video, video-clip, movie, or similar visual depiction shall be considered to have 75 images."). Based on this, the district court did not clearly err in finding that Mayer's offense involved 600 or more images.

IV.

We finally turn to the grouping of Mayer's offenses. Generally, "[a] non-harmless error in calculating the guidelines range requires a remand for resentencing." *United States v. Spikes*, 543 F.3d 1021, 1023 (8th Cir. 2008) (citation omitted). Under U.S.S.G. § 3D1.2, "counts involving substantially the same harm should be grouped together for purposes of determining the offense level for the crimes." *United States v. Green*, 225 F.3d 955, 958 (8th Cir. 2000) (cleaned up).

The district court sentenced Mayer to life in prison because his combined offense level exceeded 43. In calculating his sentence, Mayer says that the district court erred when it declined to group three counts together because those counts involved substantially the same harm. But even if we grouped Mayer's offenses the way he suggests, he would still receive a life sentence because his combined offense level would exceed 43, so any error was harmless.

V.

The judgment of the district court is affirmed.

_____