# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-3459
_____

United States of America

*Plaintiff - Appellee*

v.

Joshua Isaac Sharp

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: September 23, 2024
Filed: October 25, 2024
[Unpublished]
_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Joshua Sharp pleaded guilty to abusive sexual contact, *see* 18 U.S.C. §§ 1152 and 2244(a)(5), and possession of child pornography, *see id.* § 2252A(a)(5)(B). For over two years, Sharp sexually abused T.P., the daughter of his girlfriend. T.P., a Native American child between ages nine and eleven at the time, viewed Sharp as a stepfather. Sharp at times forced T.P. to consume alcohol and marijuana prior to

engaging in sexual acts. In one illustrative instance that took place in T.P.'s family member's home, Sharp showed T.P. pornographic videos and digitally penetrated her while covering her mouth with his hand so she could not scream for help, then forced her to perform oral sex on him. Sharp instructed T.P. not to tell anyone about his conduct, and T.P. was afraid that Sharp would hurt her if she did not comply.

The district court[1] accepted Sharp's plea and sentenced him to 360 months' imprisonment for abusive sexual contact, and 240 months' imprisonment for possession of child pornography, to be served concurrently. The sentence was based on a total offense level of 42 and a criminal history category of IV, which supported an advisory guidelines range of 360 months' to life imprisonment. The offense level included a four-level upward adjustment because "the offense involved conduct described in 18 U.S.C. § 2241(a) or (b)." *See* U.S.S.G. § 2A3.1(b)(1). The district court applied this upward adjustment because Sharp's sexual abuse—which included covering T.P.'s mouth to prevent her from screaming—involved the use of force, *see* 18 U.S.C. § 2241(a)(1), and because he threatened her, *see id.* § 2241(a)(2).

Sharp appeals this sentence on two grounds. First, he argues that the district court committed significant procedural error when it applied the four-level increase to his offense level. Second, he argues that the sentence is substantively unreasonable. We affirm the district court with respect to both.

We first address Sharp's argument that the district court committed significant procedural error when it applied the four-level increase to his offense level under the guidelines. "We review a district court's interpretation and application of the Guidelines *de novo* . . . and the factual determinations underlying the district court's decision for clear error." *United States v. Mayer*, 63 F.4th 680, 684 (8th Cir. 2023) (internal citations and quotation marks omitted).

---

[1]The Honorable Karen E. Schreier, United States District Judge for the Western District of South Dakota.

Starting with the underlying factual determinations, the district court did not clearly err when it concluded that Sharp used force and threats against T.P. This conclusion was based on the Presentence Investigation Report ("PSR") and accompanying testimony by the FBI case agent, Erik Doell. Among other episodes of sexual abuse, the PSR recounts an instance when Sharp covered T.P.'s mouth so she could not scream for help while he digitally penetrated her. PSR ¶ 11. Additionally, "T.P. expressed fear [Sharp] might 'slap' or otherwise hurt her" if she disclosed Sharp's actions to anyone. *Id.* ¶ 13 (emphasis removed). Agent Doell testified that the PSR's descriptions of these events accurately summarize the information that law enforcement learned from forensic interviews of T.P. Sharp objected to these portions of the PSR, specifically to allegations of force or threats. "If a defendant objects to factual statements in a PSR, then the sentencing court may not rely on those facts unless the government proves them by a preponderance of the evidence." *United States v. Bowers*, 743 F.3d 1182, 1184 (8th Cir. 2014). The district court, having considered Agent Doell's testimony with respect to the objected portions of the PSR, determined that the Government had proven by a preponderance of the evidence that Sharp used force and threats against T.P. We detect no clear error in the court's factual determination.

Turning to the district court's application of the guidelines, which we review *de novo*, we find that the four-level enhancement was appropriate because "the offense involved conduct described in 18 U.S.C. § 2241(a) or (b)." *See* U.S.S.G. § 2A3.1(b)(1). Sexual abuse involving the use of force and threats is covered by 18 U.S.C. § 2241(a).[2] Accordingly, the four-level increase in Sharp's offense level was warranted.

---

[2]Sharp also coerced T.P. into consuming alcohol and marijuana while engaging in sexual conduct. *See* PSR ¶ 9. Although the district court does not rely on this, it serves as an independent basis for the four-level enhancement, *see* 18 U.S.C. § 2241(b)(2), and "we may affirm" a sentence "on any ground supported by the record." *United States v. Cutler*, 87 F.4th 893, 895 (8th Cir. 2023).

Next, Sharp argues that his sentence is substantively unreasonable. We review his sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotations and citations omitted). We "typically accord" a sentence within the guidelines range "a presumption of reasonableness." *United States v. Scales*, 735 F.3d 1048, 1052 (8th Cir. 2013) (citation omitted). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *Feemster*, 572 F.3d at 464.

Here, the sentence of 360 months' imprisonment is within the guidelines range of 360 months' to life imprisonment. Sharp contends that the district court erred in its weighing of the 18 U.S.C. § 3553(a) sentencing factors by giving too little weight to mitigating aspects of Sharp's background. He notes that the district court's sentencing decision did not address Sharp's traumatic upbringing, lack of education, and psychological issues—issues that were addressed in the PSR and by Sharp's counsel during sentencing. However, "[w]here the district court heard argument from counsel about specific § 3553(a) factors, we may presume that the court considered those factors," even in the absence of a "mechanical recitation" by the district court of the factors. *United States v. Diaz-Pellegaud*, 666 F.3d 492, 504 (8th Cir. 2012). Further, a "district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Wisecarver*, 911 F.3d 554, 557 (8th Cir. 2018). The district court heard the mitigating factors put forth by Sharp's counsel. The court then based its sentence on the egregiousness of Sharp's conduct, how Sharp abused his stepfather-like role of authority, and the need to protect the public from sex offenders. These are all permissible factors for the district court to consider. *See* 18 U.S.C. § 3553(a). There was no clear error of

-4-

judgment in the district court's weighing of the § 3553(a) sentencing factors. Therefore, we discern no abuse of discretion.

Affirmed.

_____