# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1314
_____

United States of America

*Plaintiff - Appellee*

v.

Sam Boyd

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: December 20, 2024
Filed: May 30, 2025
_____

Before LOKEN, ERICKSON, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

A jury convicted Sam Boyd of conspiracy to distribute a controlled substance, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and of being a prohibited person in possession of a firearm and ammunition, 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Boyd moved to dismiss the indictment, arguing that his Speedy Trial Act rights were violated, *see* 18 U.S.C. § 3161 *et seq.*, and separately moved to sever the gun counts

from the conspiracy count, *see* Fed. R. Crim. P. 8(a), 14(a).  Because the motions were properly denied, we affirm.

First, the Speedy Trial Act.  On November 7, 2022, Boyd filed motions to dismiss or in the alternative to suppress evidence (the November Motions) based on allegations that the confidential informant's misconduct was "so outrageous it violated [Boyd]'s Due Process right [sic] contained within the 5th and 14th Amendments."  R. Doc. 104 (citing *United States v. Hasting*, 461 U.S. 499 (1983); *United States v. Russell*, 411 U.S. 423 (1973)); R. Doc. 105.  The same day, the district court[1] issued a text order continuance, setting a hearing date and stating that "[b]ased on the ends of justice and 18 U.S.C. § 3161(h)(7), the deadlines and trial date are canceled pending resolution of [R. Doc.] 105 Motion to Suppress and [R. Doc.] 104 Motion to Dismiss."  R. Doc. 106.  The hearing was delayed by disputes over the witness list and difficulties in procuring testimony.  On Boyd's motion, the court ordered post-hearing briefing based on new information from the live testimony.

On February 9, 2023, as part of the post-hearing briefing, Boyd filed a document stylized as a memorandum "in support of" the November motion to dismiss along with a motion to compel discovery (together the February Filings).  The magistrate judge recommended that Boyd's November Motions and February Filings be denied on June 2.  All reasonably expected filings were submitted by June 16.  The district court finally adopted the report and recommendation on August 24.  After the district court denied Boyd's motion to dismiss the indictment for violation

---

[1]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota, now retired, issued the continuance.  The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, denied the motion to dismiss for violation of the Speedy Trial Act.  The Honorable Daneta Wollmann, United States Magistrate Judge for the District of South Dakota, denied the motion to sever.  *See* 28 U.S.C. § 636(b)(1)(A).  The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas, sitting by designation, overruled Boyd's objection to Magistrate Judge Wollmann's denial and presided over trial and sentencing.

of his Speedy Trial Act rights and motion to sever the firearm counts from the drug conspiracy count, the case went to trial where the jury heard evidence that Boyd possessed multiple firearms, with ammunition, and used them during the drug conspiracy.

The Speedy Trial Act "requires that trial begin within 70 days after a defendant is charged or makes an initial appearance." *United States v. Lucas*, 499 F.3d 769, 782 (8th Cir. 2007) (en banc). But certain periods of delay "shall be excluded" from the speedy trial calculation. § 3161(h). So the speedy trial clock runs only if none of § 3161(h)'s eight enumerated exclusions apply. *See Bloate v. United States*, 559 U.S. 196, 206–07 (2010). "In the context of Speedy Trial Act rulings, we review a district court's legal conclusions de novo, its factual findings for clear error, and its ultimate determination for an abuse of discretion." *Lucas*, 499 F.3d at 782.

Everyone agrees that 54 days accrued to Boyd's speedy trial clock, but Boyd insists that an additional 39 days accrued between June 17, when the report and recommendation for the February Motions was "under advisement," and August 24, when the court decided the motions. § 3161(h)(1)(H); *see also Henderson v. United States*, 476 U.S. 321, 329 (1986) (stating a motion is under advisement after "the court receives all the papers it reasonably expects"); Fed. R. Crim. P. 45(a)(1)(A). He argues that § 3161(h)(1)(H) is limited to 30 days and that no other exclusion could apply. Under Boyd's theory, after the 30 excludable days expired, 39 days ran.

The question then is whether the district court validly issued its ends of justice continuance on November 7 because if it did, the 39 days are excludable. *See* § 3161(h) (flush language). For an ends of justice continuance to be proper under that text order, the district court "must 'set forth, in the record of the case, either orally or in writing, its reasons' for finding that the ends of justice are served and they outweigh other interests." *United States v. Johnson*, 990 F.3d 661, 667 (8th Cir. 2021) (cleaned up) (quoting *Zedner v. United States*, 547 U.S. 489, 506 (2006)

(quoting § 3161(h)(7)(A))). The findings don't need to be made when the district court issues the continuance but must be "on the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2)." *Zedner*, 547 U.S. at 507. There is a non-exhaustive list of factors it must consider when granting an ends of justice continuance. § 3161(h)(7)(B).

Boyd argues that the district court's on-record findings were not enough to support its *sua sponte* continuance. While he concedes that the district court is not required to make "extensive elaboration[s]," *United States v. Bonilla-Filomeno*, 579 F.3d 852, 857 (8th Cir. 2009), he emphasizes the statute requires on the record findings, § 3161(h)(7)(A). And he argues that neither the one sentence text order nor the order denying his motion to dismiss the indictment explains the court's reasoning. *See* § 3161(h)(7)(B) (listing required considerations).

The text order is short. But when we consider the record within which the continuance was granted, we understand the reasons for the continuance. *See United States v. Fogg*, 922 F.3d 389, 392 (8th Cir. 2019) (upholding a short ends of justice continuance after examining the record in which it was issued); *United States v. Villarreal*, 707 F.3d 942, 954–55 (8th Cir. 2013) (same). The November Motions were factually complex, and the text order tells us that the district court granted the continuance so that those motions could be resolved. *See* § 3161(h)(7)(B)(ii) (requiring the court to consider complexity). The record also reveals that witness issues caused the hearing on the motions to be delayed, and when it was finally held, Boyd asked for more briefing, which led to the February Filings. When considered in this context, we cannot say that the district court clearly erred when it found that the ends of justice would be served by a continuance. And we hold the district court did not abuse its discretion by granting the continuance and denying the motion to dismiss.[2]

---

[2]Because the ends of justice continuance was tied to the resolution of the November Motions and the district court acted with reasonable diligence in addressing the combined motions, we do not address the "open-ended continuance" arguments.

Boyd next argues that the district court erred by denying his motion to sever the drug charge from the firearm charges. *See* Fed. R. Crim. P. 8(a), 14(a). We can reverse the denial of a motion to sever only if "the defendant shows an abuse of discretion resulting in severe prejudice." *United States v. Geddes*, 844 F.3d 983, 988 (8th Cir. 2017) (citation omitted). But "[a] defendant cannot show prejudice when evidence of the joined offense would be properly admissible in a separate trial for the other crime." *Id.* (citation omitted). The guns and ammunition were found within Boyd's constructive possession, within the drug conspiracy's time frame, at or near where Boyd had methamphetamine, so they would be admissible under Federal Rule of Evidence 404(b) as evidence of "a plan to possess and distribute drugs" given the charges are temporally connected. *United States v. Boyd*, 180 F.3d 967, 982 (8th Cir. 1999) (citation omitted); *see also id.* at 982–83; Fed. R. Evid. 404(b). Similarly, evidence of the drugs in a separate gun case would be admissible under the same rule to prove knowing possession. *See Boyd*, 180 F.3d at 982–83; *see also United States v. Jones*, 880 F.2d 55, 61–62 (8th Cir. 1989). Because the guns and drugs would be admissible in separate gun and drug trials, there was no prejudice.

Affirmed.

_____